# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01357-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

## I. BACKGROUND

Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on October 2, 2018. (ECF No. 1). The Court screened the complaint, and found that it failed to state a claim because the complaint did not comply with Federal Rules of Civil Procedure 18 and 20. (ECF No. 6, p. 4). The Court gave Plaintiff the option of standing on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with the screening order, or filing a first amended complaint. (Id. at 5). Plaintiff filed his first amended complaint on October 18, 2018. (ECF No. 7).

The Court has reviewed the first amended complaint and applicable legal standards, and recommends to the assigned district judge that Plaintiff's first amended complaint be dismissed

1

for failure to state a claim. Plaintiff now has twenty-one days to file objections, which will be reviewed by the assigned district judge.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

///

### III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges that he is being subjected to "governmental statutes, codes, regulations, restraints, supervisions and controls, just to name a few," even though he is "NOT a member of any government, is NOT expressly named in any of their statutes, [and] is NOT a party to their State's constitution. Pltf. IS one of 'We the People'!"

Plaintiff further alleges that his incarceration is illegal because "state courts are no longer constitutional courts…," and because those courts lacked jurisdiction over Plaintiff. Additionally, his Fourteenth Amendment rights were violated in two criminal cases because he was never informed of the nature and cause of the accusations against him.

Additionally, Plaintiff challenges the constitutionality of numerous sections of the California Penal Code, several sections of the Welfare and Institutional Code, and a section of the California State Constitution. He alleges he has "been withheld of his liberties, denied due process of law, double jeopardized, etc." under some of them. As to the others, he challenges them because he fears he may be subjected to them.

Finally, Plaintiff alleges that 42 U.S.C. § 1997e(e) is unconstitutional. Plaintiff argues that § 1997e(e) is unconstitutional because Plaintiff is unlawfully incarcerated.

### IV. ANALYSIS

The Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

Section 1983 actions cannot be used to challenge criminal convictions. Such convictions can only be challenged by an appeal of that conviction or a petition for a writ of habeas corpus, both of which have specific requirements. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so

invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted).

Here, most of Plaintiff's claims involve Plaintiff directly challenging his conviction(s) and subsequent confinement. Accordingly, if Plaintiff prevails, it would necessarily render his sentence invalid. Thus, Plaintiff cannot proceed on these claims in a § 1983 action such at this. Plaintiff can challenge his conviction(s) through the appeals process and/or by filing a petition for a writ of habeas corpus, if available.

As to Plaintiff's challenge to the constitutionality of numerous sections of the California Penal Code, several sections of the Welfare and Institutional Code, and a section of the California State Constitution, Plaintiff alleges that these statutes are unconstitutional because Plaintiff "is NOT party to any of the State's statutes, Pltf. is NOT expressly named in any of the State's statutes, and Pltf. cannot be named in any statute as merely a 'person' or 'any person'!" The Court finds these allegations fail to state a claim. Plaintiff does not even specify which code sections he is bring a pre-enforcement challenge to. Instead, he lists numerous sections, and states that he is challenging "a few" that have been applied to him, and "[a]s for the others," he "fears he may be subjected to them." Moreover, a statute does not need to specifically name a person for it to apply to that person.

As to Plaintiff's claim that 42 U.S.C. § 1997e(e) is unconstitutional because Plaintiff is being unlawfully incarcerated, Plaintiff includes no facts to support this allegation. Additionally, as discussed above, Plaintiff may not challenge his conviction in a § 1983 action. Thus, Plaintiff has failed to state a claim upon which relief may be granted.

**V. CONCLUSION AND RECOMMENDATION**

The Court has screened the first amended complaint and finds that it fails to state a claim upon which relief may be granted.

The Court does not recommend granting leave to amend. The Court has already

4

screened one complaint with leave to amend and provided legal guidance to assist in any amendment. The claims in Plaintiff's amended complaint are unrelated to the claims in his original complaint, despite the Court's warning that, "although [Plaintiff] has been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding more unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no 'buckshot' complaints)." (ECF No. 6, p. 5). As Plaintiff has failed to state a claim in his amended complaint, and as he ignored the instruction in the Court's prior order, the Court finds that further leave to amend would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be DISMISSED with prejudice for failure to state a claim;[1] and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 15, 2019**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court believes this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

5